**BAY BANK MIDDLESEX**

v.

**M. V. SEXY ONE, Official No. 575570, Her Engines, Tackle, Apparel, Etc. and Howard Brudner, as owner.**

Civ. A. No. 78–564–J.

United States District Court, D. Massachusetts.

March 4, 1980.

Order Confirming Sale of Vessel March 4, 1980.

## ORDER CONFIRMING SALE OF VESSEL

JULIAN, Senior District Judge.

On January 11, 1980, the Court ordered that the United States Marshal for the District of Massachusetts sell to the highest bidder at public auction the Gas Screw Vessel SEXY ONE. Pursuant to the Court's order, the vessel was sold to the highest bidder, the plaintiff herein, Bay Bank Middlesex (Bay Bank), at a public auction held on February 6, 1980, at 12:00 noon on board the vessel, which was located at Harbor Villa Marina, Weymouth, Massachusetts. This case is presently before the Court on the U.S. Marshal's motion for confirmation of the sale.

A hearing on the confirmation of sale was held on February 11, 1980. At the hearing, the second highest bidder in the auction, Robert Palmer, objected to the sale on the ground that the following term in the Marshal's Notice of Sale had not been complied with:

> "The successful bidder . . . shall pay the United States Marshal a deposit of ten percent (10%) of the bid price in cash or certified check at the time of the sale."

Mr. Palmer's objection was prompted by the following series of events. The auction was conducted in the proper manner by U.S. Deputy Marshal Henry Ohrenberger. The bid, $11,500, was placed by Bay Bank. Palmer's bid of $10,500 was the second highest bid. After the conclusion of the auction, U.S. Deputy Marshal Ohrenberger asked the representatives of Bay Bank who had made the $11,500 bid for the ten percent deposit required by the notice of sale. They replied that they did not have the money with them and would have to go to Waltham, Massachusetts, to get it. Ohrenberger asked whether they could bring their deposit to the Marshal's office that afternoon and they said that they would. Palmer had enough cash with him at the time to pay the deposit that would have been due if his bid had been successful. Bay Bank brought its deposit of $1,500 to the Marshal's office at 2:37 p. m. that day, approximately two and one-half hours after the gavel went down on the sale.

Palmer does not contend that the Court should order that another auction be held. Instead, Palmer argues that because the highest bidder, Bay Bank, failed to fulfill one of the terms of the Notice of Sale, the sale should be confirmed to him as second highest bidder.

*Quinn v. S. S. Jian*, 235 F.Supp. 975 (D.Md.1964), involved a situation which was virtually identical to the case at bar. In *Quinn* the unsuccessful bidder objected to the confirmation of a sale of a vessel on the ground that the successful bidder failed to make "a cash deposit of 10% of the bid at the time of sale," as directed by the court's order. After the auction the successful bidder told the Marshal that he did not have the deposit with him but would have to go to a bank a few blocks away to obtain the cash or a check. He was only able to obtain $15,300 at that time, rather than the $16,325 which was required, and told the Marshal that the remainder would be available that evening. Pursuant to the Marshal's suggestion, he delivered the remainder on the following morning. The court noted that an officer selling property at a judicial sale must observe the requirements of law and comply with the order of sale but is also vested with reasonable discretion with-

in those limits. Because the departure from the terms of sale was slight, the continued participation of the successful bidder resulted in $10,000 more being realized on the sale, and no injustice had been done to anyone, the court held that the sale should be confirmed.

The facts of this case militate even more strongly in favor of confirmation than did the facts in *Quinn.* In *Quinn* the court's order of sale specified that the successful bidder should make a cash deposit. In this case the Court's order of sale did not mention a deposit. Only the Marshal's notice of sale referred to the deposit. In addition, the delivery of the deposit in this case was delayed only 2½ hours, whereas in *Quinn* the full deposit was not delivered until over 19 hours after the sale.

The Court's order in this case directed the Marshal to sell the vessel to the highest bidder at public auction. The Marshal was vested with reasonable discretion in accomplishing that objective. *Blossom v. Railroad Company,* 3 Wall. 196, 70 U.S. 196, 18 L.Ed. 43 (1865). In the circumstances of this case, especially when compared to the facts in *Quinn,* the Court cannot justifiably hold that the Deputy Marshal abused his discretion in allowing a variance of this nature (2½ hours) in the terms of the Marshal's notice of sale. Accordingly, the Court orders that the sale of the Gas Screw Vessel SEXY ONE to Bay Bank for the sum of $11,500 be confirmed upon deposit by the said highest bidder of the remainder of the purchase price of the vessel with the registry of this Court, and the Court further orders that said deposit of the remainder of the purchase price shall be paid into the registry of this Court within three days after entry of this Order.